UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Whaleco, Inc. ) | |
| ) | Case No. 1:24-cv-2050 |
| v. ) | |
| ) | Judge: Hon. Sharon Johnson Coleman |
| temuh.com, temumore.com, ) | |
| temu-shopping.com, riseapk.net, ) | Magistrate: Hon. Jeffrey T. Gilbert |
| freeappmods.com, starfiles.co, and ) | |
| apkcast.com. ) | |
| _____ ) | |

**AMENDED FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff, Whaleco, Inc. ("Whaleco") against the Defendants (collectively, the "Infringing Websites" or "Infringing Webstores"), and Plaintiff having moved for entry of Default and Default Judgment against Defendants temuh.com (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff a temporary restraining order and preliminary injunction against Defaulting Defendants;

Plaintiff having properly completed service of process on Defaulting Defendants, providing notice via e-mail, along with any notice that Defaulting Defendants received from registrars, hosts, and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Infringing Websites through which Illinois residents can purchase products and/or use services bearing counterfeit versions of the TEMU word mark and Whaleco design mark (U.S. Reg. Nos. 7157165, 7164306, 7157220, and 7145476) (collectively, the "TEMU Trademarks").

The registrations are valid, unrevoked, and uncancelled. Defendants use the TEMU Trademarks in connection with the Infringing Websites without Plaintiff's permission or consent.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), cybersquatting (15 U.S.C. § 1125(d)), as to the Defaulting Defendants operating an Infringing Website incorporating the TEMU Trademarks.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. using the TEMU Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Whaleco

product or not authorized by Plaintiff to be sold in connection with the TEMU Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Whaleco product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Whaleco and approved by Plaintiff for sale under the TEMU Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit products and/or services are those sold under the authorization, control or supervision of Whaleco, or are sponsored by, approved by, or otherwise connected with Whaleco;

d. further infringing the TEMU Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the TEMU Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell or offer counterfeit products and/or services;

h. operating and/or hosting infringing webstores, websites and any other domain names registered or operated by Defendants that are involved with the distribution, marketing,

    advertising, offering for sale, or sale of any products or services bearing the TEMU Trademarks or any reproductions, counterfeit copies or colorable imitations thereof; and

    i. registering any additional stores, websites, or domain names that use or incorporate any of the TEMU Trademarks.

2. The top-level domain (TLD) Registries and Registrars (or their administrators) including, but not limited to, VeriSign, Inc., GoDaddy, Namecheap, Namesilo, Squarespace Domains II LLC, TUCOWS, Inc., Sav.com LLC, and the Public Interest Registry, for the Infringing Websites named in this suit, within three (3) business days of receipt of this Order, shall, at Plaintiff's choosing:

    a. permanently transfer the Infringing Websites to Plaintiff's control and ownership, including unlocking and changing the registrar of record for the "temuh.com" domain to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Infringing Websites to a registrar of Plaintiff's selection; or

    b. cancel the registrations for the Infringing Websites and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defaulting Defendants, in the past, currently or in the future, engage in the sale of goods using the TEMU Trademarks, including, but not limited to, any accounts associated with the Defaulting Defendants listed on Schedule "A" not dismissed from this action; and

    b. disable any account linked to Defaulting Defendants, linked to any e-mail addresses used by Defaulting Defendants, or linked to any of the Infringing Webstores.

Pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of Two-Hundred and Fifty Thousand Dollars (U.S.) and No Cents ($250,000.00) for using counterfeit TEMU Trademarks on products and/or services sold through at least the Infringing Webstores. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of statutory damages against it:

a. PayPal, Payoneer, Stripe and any of their subsidiaries (collectively the "Payment Processors") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Infringing Webstores identified in Schedule "A", except those dismissed, from transferring or disposing of any money or other of Defaulting Defendants' assets.

b. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms or the Payment Processors are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from Defaulting Defendants' Platform or Payment Processor accounts within ten (10) business days of receipt of this Order.

c. Plaintiff shall have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors shall within two (2) business days:

    i. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected the Complaint, any e-mail addresses provided for Defaulting Defendants by third parties;

      ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

      iii. Release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

4. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing Webstores, including, but not limited to and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. Restrain and enjoin such accounts or funds from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

5. In the event that Plaintiff identifies any additional webstores, websites, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in

Exhibits 1 to the Declaration of David Gulbransen and any e-mail addresses provided for Defaulting Defendants by third parties.

6. The $1,000 bond, plus accrued interest, posted by Plaintiff (Receipt No. 100004524) is hereby released to Plaintiff or its counsel, David L, Gulbransen. The Clerk of Court shall issue a check payable to Plaintiff Counsel at the below address:

> Law Office of David Gulbransen
> Attn: David Gulbransen
> 805 Lake Street., Ste 172
> Oak Park, IL 60301

**IT IS SO ORDERED.**

DATED: 7/11/2024

BY: _____
Sharon Johnson Coleman
U.S. District Court Judge